UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PAUL J. MANSUR, and all others
similarly situated under § 29 U.S.C. 216(b),

    Plaintiff,

v.

UNIFIED TECH USA, LLC, UNIFIED
TECH CARIBBEAN, LLC, UNIFIED
TECH CAYMAN, LTD., and ANTHONY
SILVA, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, PAUL J. MANSUR, by and through the undersigned counsel, hereby files this Complaint against Defendants, UNIFIED TECH USA, LLC, UNIFIED TECH CARIBBEAN, LLC, UNIFIED TECH CAYMAN, LTD., and ANTHONY SILVA (collectively, the "Defendants"), and states as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff, PAUL J. MANSUR ("Plaintiff"), brings this action on behalf of himself and all others similarly situated who are or were employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et. seq.*

2. The additional persons who may become plaintiffs in this action are Defendants' non-exempt similarly situated employees who performed and/or assisted with Defendants' financial, operational systems, human resources, sales support operations, accounting, shipping,

receiving, logistics, office management, and administrative duties, and have worked in excess of forty (40) hours during one or more workweeks at any time within three years prior to this action's filing date, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over forty (40) in one or more weeks. These employees are similarly situated under the FLSA, 29 U.S.C. § 216(b).

## II.  PARTIES

3. Plaintiff, is an adult individual who performed and/or assisted with Defendants' financial, operational systems, human resources, sales support operations, accounting, shipping, receiving, logistics, office management, and administrative duties in Miami, Florida, and resides in Miami, Florida.

4. UNIFIED TECH USA, LLC, is a Florida for-profit limited liability company with its principal place of business in Miami, Florida, and operates under the "d/b/a" of "Unified Technologies". Upon information and belief, UNIFIED TECH USA, LLC, is the parent company and/or an affiliated company for/with UNIFIED TECH CARIBBEAN, LLC, and/or UNIFIED TECH CAYMAN, LTD.

5. UNIFIED TECH CARIBBEAN, LLC, is a for-profit limited liability company, and upon information and belief, is a subsidiary and/or affiliated entity of UNIFIED TECH USA, LLC. UNIFIED TECH CARIBBEAN, LLC, maintains offices in Guaynabo, San Juan, Puerto Rico, but primarily operates its business and conducts its deals out of Miami, Florida.

6. UNIFIED TECH CAYMAN, LTD., is a for-profit company, and upon information and belief, is a subsidiary and/or affiliated entity of UNIFIED TECH CARIBBEAN, LLC. UNIFIED TECH CAYMAN, LTD., maintains offices in Georgetown, Grand Cayman, Cayman Islands, but primarily operates its business operations out of Miami, Florida.

7. Defendants, UNIFIED TECH USA, LLC, UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD., operate and conduct business in Miami-Dade County, Florida, and are therefore within the jurisdiction of this Court.

8. At all relevant times, ANTHONY SILVA, has been a member and the President, C.E.O., and Managing Member of UNIFIED TECH USA, LLC, UNIFIED TECH CARIBBEAN, LLC AND UNIFIED TECH CAYMAN, LTD.

### III.  VENUE & JURISDICTION

9. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendants in Miami-Dade County, Florida.

10. The illegal conduct complained of and the resulting injury occurred within the judicial district in and for Miami-Dade County, Florida.

11. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida.

12. Venue is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

13. Defendants, UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD., are subject to personal jurisdiction in Florida pursuant to § 48.193 of the Florida Statutes by virtue of, at all relevant times:

    a. operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

    b. committing tortious acts within this state; and/or

    c. causing injury to Plaintiff within this state arising out of an act or omission by the Defendants outside this state, while engaging in solicitation or service activities within this state.

14. At all relevant times, Defendant, UNIFIED TECH CARIBBEAN, LLC:

    a. knew that Plaintiff was performing work for UNIFIED TECH CARIBBEAN, LLC, in Miami, Florida;

    b. knew that they were paying funds to UNIFIED TECH USA, LLC, a Florida limited liability company, into Miami, Florida, for Plaintiff's work;

    c. affiliated itself with UNIFIED TECH USA, LLC;

    d. acted as a joint employer of Plaintiff (based in Miami, Florida) with UNIFIED TECH USA, LLC; and

    e. conducted and allowed work to be conducted on its behalf in Miami, Florida.

15. At all relevant times, Defendant, UNIFIED TECH CAYMAN, LTD.:

    a. knew that Plaintiff was performing work for UNIFIED TECH CAYMAN, LTD., in Miami, Florida;

    b. knew that they were paying funds to UNIFIED TECH CARIBBEAN, LLC, which in turn paid funds to UNIFIED TECH USA, LLC, a Florida limited liability company, into Miami, Florida, for Plaintiff's work;

    c. affiliated itself with UNIFIED TECH USA, LLC;

    d. acted as a joint employer of Plaintiff (based in Miami, Florida) with UNIFIED TECH USA, LLC; and

    e. conducted and allowed work to be conducted on its behalf in Miami, Florida.

16. At all times, Defendants, UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD., reasonably anticipated being brought into Court in Florida, and specifically Miami-Dade County because they purposefully availed themselves of the privilege of conducting business and activities within Florida.

### IV. GENERAL ALLEGATIONS

A. <u>COVERAGE UNDER FLSA</u>

17. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA on behalf of by the Plaintiff and all other current or former employees similarly situated during the material time.

18. This action is intended to cover Defendants' intentional and willful wage violations against Plaintiff other similarly situated employees within the past three (3) years pursuant to the FLSA.

19. At all times material hereto, Defendants were "employers" and/or "joint employers" within the meaning of the FLSA.

20. At all times material, Plaintiff and all other similarly situated employees were "employees" within the meaning of the FLSA.

21. At all times material hereto, Defendants were Plaintiff's and all other similarly situated employees' "employers" and/or "joint employers" within the meaning of the FLSA.

22. None of the Defendants are exempt from FLSA coverage.

23. Defendants, UNIFIED TECH USA, LLC, UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD. are covered under the FLSA through enterprise coverage, as they were engaged in interstate commerce during all pertinent times in which Plaintiff, and all

others similarly situated, were employed. More specifically, Defendants, UNIFIED TECH USA, LLC, UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD., were engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies.

24. At all times material, Defendants were, and continue to be, "enterprises engaged in commerce" either individually, or jointly, or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA.

25. Defendants have employees engaged in commerce, or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

26. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 *per annum* during all times relevant.

27. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28. At all times material hereto, Defendants accepted and processed payments from its customers and others, which were drawn on out-of-state bank accounts.

29. At all times material hereto, the work performed by Plaintiff and other similarly situated employees was directly essential to the business performed by Defendants in that Defendants could not operate their business without support staff like Plaintiff other similarly situated employees.

30. ANTHONY SILVA, at all times relevant during Plaintiff's and other similarly situated employees' employment: (a) exercised the authority to hire and fire employees like

Plaintiff and other similarly situated employees; (b) determined the rates of pay of the Plaintiff and other similarly situated employees; and (c) determined/set the scheduled locations for hours worked by the Plaintiff and other similarly situated employees.

31. During all material times hereto, Plaintiff and all other similarly situated employees were non-exempt employees of Defendants within the meaning of the FLSA.

32. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

33. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

B.   DEFENDANTS' VIOLATIONS OF THE FLSA

34. Plaintiff and similarly situated employees are/were employed by Defendants in various capacities.

35. During all pertinent times of employment, Plaintiff and all other similarly situated employees were compensated on a salary basis.

36. During all pertinent times of employment, Plaintiff and all other similarly situated employees were not required to keep timesheets. As a result, Defendants failed to maintain and keep time records for Plaintiff all other employees similarly situated and did not track whether Plaintiff and other similarly situated employees took meal periods, worked from home, or worked off-the-clock.

37. Based upon the information preliminarily available, and subject to discovery in this cause, at all material times, Plaintiff and all other similarly situated employees, worked more than forty (40) hours each workweek for Defendants, but were not properly compensated one and one-half times of their regular hourly rate for their overtime.

38. Rather than pay Plaintiff and all other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a given workweek, Defendants misclassified Plaintiff and all other similarly situated employees as exempt from overtime pay, and did not compensate them for their overtime hours worked.

39. Defendants knew Plaintiff and all other similarly situated employees worked overtime without compensation, and they willfully failed to pay Plaintiff and the similarly situated employees overtime wages at the required rates.

40. Defendants are aware of wage and hour laws, and their unlawful conduct has been widespread, repeated, and consistent.

41. Since Defendants' actions were intentional and/or willful, Plaintiff and all other similarly situated employees are therefore entitled to an additional amount of liquidated (double) damages for wages in the amounts stated above.

42. Defendants willfully and intentionally concocted a scheme to have Plaintiff and all other similarly situated employees perform uncompensated work for UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD.

43. As part of this scheme, Plaintiff and all other similarly situated employees would perform substantial work for UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD, and UNIFIED TECH CARIBBEAN, LLC, and UNIFIED TECH CAYMAN, LTD., would then pay UNIFIED TECH USA, LLC, for this work as "Management Fees", "Royalties" and/or "Administrative Fees".

44. Plaintiff began working as a non-exempt employee for Defendants on or about October 21, 2013, as Director of Operations.

45. Plaintiff worked for Defendants until June 22, 2018.

46. In fact, Plaintiff worked on average sixty (60) hours each week.

47. Specifically, after hiring Plaintiff, the Defendants assigned Plaintiff to work an average of sixty (60) hours per week.

48. Plaintiff's regular salary was $90,000.00 a year from June 15, 2015 through on or about November 23, 2015, which equates to an hourly rate of $43.27; and $100,000.00 a year, from November 24, 2015, until his termination, which equates to an hourly rate of $48.08.

49. Plaintiff worked an average of twenty (20) overtime hours each week of his employment and is therefore entitled to recover an average of $1,298.20 from June 15, 2015 through on or about November 23, 2015, per week in unliquidated damages, and $1,442.40 from November 25, 2015, until his termination, per week in unliquidated damages.

50. Plaintiff worked for Defendants for a period of twenty-three (23) weeks from June 15, 2015 through November 23, 2015, and is therefore entitled to $29,858.60 in unliquidated damages for this time period, and $29,858.60 in liquidated damages, for a total of $59,717.20.

51. Plaintiff worked for Defendants for a period of five (5) weeks from November 24, 2015 through December 31, 2015, and is therefore entitled to $7,210.00 in unliquidated damages for this time period and $7,210.00 in liquidated damages, for a total of $14,420.00.

52. Plaintiff worked for Defendants for a period of fifty-two (52) weeks from January 1, 2016 through December 31, 2016, and is therefore entitled to $75,004.80 in unliquidated damages for this time period and $75,004.80 in liquidated damages, for a total of $150,009.60.

53. Plaintiff worked for Defendants for a period of fifty-two (52) weeks from January 1, 2017 through December 31, 2017, and is therefore entitled to $75,004.80 in unliquidated damages for this time period and $75,004.80 in liquidated damages, for a total of $150,009.60.

54. Plaintiff worked for Defendants for a period of twenty-four (24) weeks from January 1, 2018 through June 22, 2018, and is therefore entitled to $34,617.60 in liquidated damages for this time period and $34,617.60 in liquidated damages, for a total of $69,235.20.

55. Accordingly, the total amount of liquidated damages sought by Mr. Mansur is $221,695.00, the total amount of unliquidated damages sought by Mr. Mansur is $221,695.80, and the combined total of damages sought by Mr. Mansur is $443,391.60.

56. When taken together, Plaintiff and all other similarly situated employees worked over forty (40) hours each week for Defendants, their joint employer.

57. Defendants are joint employers under the FLSA in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiff by direct or indirect means; (b) jointly determined shared, and allocated the power to—directly or indirectly—hire or fire Plaintiff or modify the terms of conditions of Plaintiff's employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other, and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

58. Despite working well over forty (40) hours weekly for Defendants, Plaintiff and all other similarly situated employees were never properly compensated for any work in excess of the forty (40) hours weekly.

59. Defendants should have paid Plaintiff and all other similarly situated employees time and one-half for all overtime hours worked under this scenario, but refused and/or failed to do so as required by the FLSA.

60. As a result of the Defendants' scheme, Plaintiff and all other similarly situated employees were not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours worked over forty (40) hours in a single workweek, as mandated by the FLSA.

61. Defendants violated the FLSA during Plaintiff's and all other similarly situated employees' employment because:

    a. Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff and all other similarly situated employees at the statutory rate of one and one-half times Plaintiff's and all other similarly situated employees' regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

62. Plaintiff has retained the law firm of TREMBLY LAW to represent him in this litigation and has agreed to pay the firm reasonable fees for its services.

### COUNT I – VIOLATION OF 29 U.S.C. § 207 (OVERTIME COMPENSATION) AGAINST ALL DEFENDANTS

*(on behalf of Plaintiff and all similarly situated employees)*

63. Plaintiff individually and on behalf of all similarly situated employees, re-alleges paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Plaintiff and all similarly situated employees worked in excess of forty (40) hours per week for Defendants, during which time Plaintiff and all similarly situated employees were not properly compensated at the statutory rate of one and one-half times their regular rate of pay.

65. Plaintiff and all similarly situated employees were and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week.

66. At all times material hereto, Defendants failed to maintain proper and accurate time records as mandated by the FLSA.

67. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their continued failures to compensate Plaintiff and all similarly situated employees at their statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per week.

68. Defendants failed to properly disclose or apprise Plaintiff and all similarly situated employees of their rights under the FLSA.

69. The failure of Defendants to compensate Plaintiff and all similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

70. Defendants, therefore, are jointly and severally liable to the Plaintiff and all similarly situated employees, in the amount of their unpaid overtime compensation.

71. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and all similarly situated employees suffered and continue to suffer damages and lost compensation for the time they worked over forty (40) hours per week, plus liquidated damages.

72. Plaintiff and all similarly situated employees are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated employees, respectfully requests that a judgment be entered in his favor against Defendants for any and all

damages permitted by the statute (both liquidated and unliquidated), inclusive of attorneys' fees and costs.

### **COUNT II – DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

73. Plaintiff re-alleges paragraphs 1 through 62 of the Complaint as if fully set forth herein.

74. Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

75. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

76. Plaintiff may obtain declaratory relief.

77. Defendants employed Plaintiff.

78. Defendants were a joint enterprise, subject to the coverage of the FLSA at all material times hereto.

79. Defendant, ANTHONY SILVA, is an individual Defendant as defined by the FLSA.

80. Plaintiff was individually covered by the FLSA.

81. Defendants failed to pay Plaintiff for overtime hours worked in accordance with the FLSA.

82. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

83. Defendants failed to take affirmative steps to support a good faith defense.

84. Plaintiff is entitled to liquidated damages.

85. It is in the public interest to have these declarations of rights recorded.

86.  Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

87.  The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring that pursuant to 28 U.S.C. §§ 2201-2202, the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b. Declaring that Defendants were a joint enterprise, subject to the coverage of the FLSA at all material times thereto;

c. Awarding Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff pre-judgment interest; and

g. Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE AS A MATTER OF RIGHT BY JURY.

Dated this 15th of July, 2019.

Respectfully Submitted,

TREMBLY LAW FIRM
*Attorneys for Plaintiff*
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: christian@tremblylaw.com
E-Mail: kevin@tremblylaw.com
E-Mail: service@tremblylaw.com


By: **/s/ Kevin D. Pardiñas**
    **Christian E. Rodriguez, Esq.**
    Florida Bar No. 83405
    **Kevin D. Pardinas, Esq.**
    Florida Bar No. 89570